Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Shannon Skrzynski SBN
shannon@milordlaw.com
MILORD LAW GROUP P.C.
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Defendants
SHENZHEN XTOOLTECH INTELLIGENT CO., LTD. and
XTOOLTECH USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTEL INTELLIGENT TECHNOLOGY CORP., LTD.; and AUTEL US INC.;<br><br>Plaintiffs,<br>V.<br><br>SHENZHEN XTOOLTECH INTELLIGENT CO., LTD.; XTOOLTECH USA INC.,<br>Defendants.<br>─────────────────────<br>SHENZHEN XTOOLTECH INTELLIGENT CO., LTD.; XTOOLTECH USA INC.,<br><br>Counter-Claimants,<br><br>vs.<br><br>AUTEL INTELLIGENT TECHNOLOGY CORP., LTD.; and AUTEL US INC.;<br><br>Counter-Defendants. | CASE NO.:  5:25-CV-1755<br><br>*Hon. Kenly Kiya Kato*<br><br>**SHENZHEN XTOOLTECH INTELLIGENT CO., LTD. AND XTOOLTECH USA INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

-1-
**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants and Counterclaim Plaintiffs Shenzhen XTOOLTECH Intelligent Co., LTD. ("XTOOL Ltd") and XTOOLTECH USA, Inc. ("XTOOL USA") (collectively "XTOOL Parties"), by its undersigned counsel, Answers and asserts their Affirmative Defenses to Plaintiffs Autel Intelligent Technology Corp., LTD. ("Autel China") and Autel US Inc.'s ("Autel US") (collectively "Autel Parties") Complaint, filed July 11, 2025.

## NATURE OF THE ACTION

1.     The XTOOL Parties admit Plaintiffs brought this frivolous action in bad faith.  The remaining allegations are denied.

2.     The XTOOL Parties admit that they offer for sale and sell the XTOOL D8S Bidirectional Scan Tool, an automotive diagnostic device, to distributors in the United States.  The remaining allegations are denied or the XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2, and therefore deny the same.

3.     The XTOOL Parties deny the allegations in Paragraph 3.

4.     The XTOOL Parties deny the allegations in Paragraph 4.

5.     (sic)

6.     The XTOOL Parties deny the allegations in Paragraph 6.

## PARTIES

7.     The XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7, and therefore deny the same.

8.     The XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8, and therefore deny the same.

9.     The XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and therefore deny the same.

10.     The XTOOL Parties admit the allegations of Paragraph 10.

11.     The XTOOL Parties admit the allegations of Paragraph 11.

## JURISDICTION AND VENUE

12.     The allegations in Paragraph 12 relate to the nature of this action and are legal conclusions that do not require a response.   To the extent a response is required, the XTOOL Parties admit that Plaintiffs allege claims under the Patent Statute and that the Court has subject matter jurisdiction.   The XTOOL Parties deny any liability, the validity of the asserted patent, or that Plaintiffs are entitled to any relief, for the alleged claims, and deny all other allegations and legal conclusions set forth in Paragraph 12.

13.     The allegations in Paragraph 13 relate to legal conclusions that do not require a response.   XTOOL Ltd does not dispute personal jurisdiction in this Court for purposes of this action only.   XTOOL Ltd denies all other allegations and legal conclusions set forth in Paragraph 13.

14.     The allegations in Paragraph 14 relate to legal conclusions that do not require a response.   XTOOL USA does not dispute personal jurisdiction in this Court for purposes of this action only.   XTOOL USA denies all other allegations and legal conclusions set forth in Paragraph 14.

15.     The allegations in Paragraph 14 relate to legal conclusions that do not require a response.  The XTOOL Parties do not dispute that venue is appropriate in this District for purposes of this action only.  The XTOOL Parties deny any liability, the validity of the asserted patent, or that Plaintiffs are entitled to any relief, for the alleged claims, and deny all other allegations and legal conclusions set forth in Paragraph 15.

## FACTUAL BACKGROUND

### A. The Autel Parties

16.     The XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16, and therefore deny the same.

17.     The XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17, and therefore deny the same.

18.     The allegations in Paragraph 18 contain legal conclusions and do not require a response.   To the extent a response is required, The XTOOL Parties admit that a

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

purported copy of US Patent No. 11,845,451 ("the `451 Patent") is attached to the Complaint as Exhibit 1.   The XTOOL Parties deny that any of the `451 Patent asserted in this action is valid or enforceable.  The XTOOL Parties deny all other legal conclusions, and any remaining allegations, set forth in Paragraph 18.

19.    (sic)

## B. The XTOOL Parties' Proper Conduct

20.    The XTOOL Parties admit they have their own line of automotive diagnostic tools, including XTOOL D8S.  The remaining allegations are denied.

21.    The XTOOL Parties lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21, and therefore deny the same.

<u>COUNT I</u>

<u>ALLEGED INFRINGEMENT</u>

22.    With respect to Paragraph 22, the XTOOL Parties reallege and incorporate the responses to paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.    The XTOOL Parties deny the allegations of Paragraph 23.

24.    The XTOOL Parties deny the allegations of Paragraph 24.

25.    The XTOOL Parties deny the allegations of Paragraph 25.

26.    The XTOOL Parties deny the allegations of Paragraph 26.

<u>AFFIRMATIVE DEFENSES</u>

The XTOOL Parties assert the following affirmative defenses to the Complaint. By designating the following defenses as affirmative, XTOOL Parties do not concede that they bear the burden of proof with respect to any such defense and does not intend to alter the burden of proof on such matters to the extent the burden rests on Plaintiffs. XTOOL Parties reserve the right to amend their answer or assert additional defenses as additional information becomes available and/or is discovered.

<strong>FIRST AFFIRMATIVE DEFENSE</strong>

The Complaint fails to state a claim upon which relief may be granted.

<strong>XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</strong>

**SECOND AFFIRMATIVE DEFENSE**

The XTOOL Parties do not and have not infringed any valid and enforceable claim of the `451 Patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

**THIRD AFFIRMATIVE DEFENSE**

The `451 Patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112 and any other judicially created requirements for patentability and enforceability of patents and the defenses recognized in 35 U.S.C. § 282.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from construing or interpreting the claims of the `451 Patent to cover any acts or products by the XTOOL Parties by reason of proceedings in the U.S. Patent and Trademark Office ("PTO") during prosecution and/or review of the applications upon which the patent issued, and the admissions and representations made therein to the PTO on behalf of the applicants.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' ability to recover for any alleged infringement is limited by the failure of Plaintiffs and/or their licensees to meet the requirements of 35 U.S.C. § 287, and Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288..

**EIGHTH AFFIRMATIVE DEFENSE**

The `451 Patent is unenforceable due to inequitable conduct.  Plaintiffs and their employees were active in the vehicle diagnostic industry and attended tradeshows and related events where industry standards were regularly discussed, including the named inventors Huigiang Lai and Songsong Qu.  On June 8, 2023, the patent examiner rejected

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

certain filed claims as anticipated by US Pub. App. No. 2013/0261882 to Bertosa et al. ("Bertosa"), but mistakenly believed that neither Bertosa nor the prior art of record "provides no teaching, suggestion, or motivation" regarding "synchronously sending the standard transmission data corresponding to the diagnostic instruction."  The `451 Patent is unenforceable and was procured by Plaintiffs through inequitable conduct of its attorneys, employees, and agents inasmuch as Plaintiffs' employees and agents that were substantially involved with the prosecution of the application that issued as the `451 Patent failed to disclose information material to the examination of the `451 Patent's application.  Under 37 C.F.R. § 1.56, each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the PTO.  A person's duty of candor includes a duty to disclose "all information known to that individual to be material to patentability" to the PTO.  Part of each named inventor's oath is acknowledging their duty to submit material prior art to the PTO under Rule 1.56. Plaintiffs' agents and attorneys failed to disclose material "but-for" prior art to the PTO during prosecution of the `451 Patent, including J1850 and ISO 9141-2 industry standards publications.  Specifically, Plaintiffs' attorneys, agents, and/or named inventors failed to disclose that the OBD-II industry standards incorporated by reference in the Bertosa reference, including J1850 and ISO 9141-2, teach the "synchronously sending the standard transmission data corresponding to the diagnostic instruction" limitation the examiner mistakenly believed was novel and unobvious.  Instead of complying with their duty of candor and disclosing to the examiner that limitation was taught by the industry standards incorporated by reference by the OBD-II standard Bertosa reference, including J1850 and ISO 9141-2, the Plaintiffs' attorneys, agents, and/or named inventors merely amended the independent claims to incorporate the limitation that the examiner was misled to believe was novel and unobvious into the independent claims to achieve issuance of the `451 Patent.  But for withholding the industry standards, including the J1850 and ISO 9141-2, the `451 Patent would not have issued since the industry standards taught or disclosed the only limitation that the examiner was misled to believe was novel

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

and unobvious, i.e., the "synchronously sending the standard transmission data corresponding to the diagnostic instruction" limitation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because any injury to Plaintiffs is neither immediate nor irreparable, Plaintiffs cannot show a likelihood of success on the merits, Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for an exceptional case under 35 U.S.C. § 285.

## ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs' infringement claims are barred by the doctrine of ensnarement.   Plaintiffs are foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the doctrine of unclean hands.

## ADDITIONAL DEFENSES

XTOOL Parties reserves the right to assert additional defenses based on information learned or obtained through discovery and will seek leave of Court to amend to assert same.

## PRAYER FOR RELIEF

WHEREFORE, XTOOL Parties respectfully request that this Court enter judgment as follows:

A.    Dismissing the Complaint in its entirety, with prejudice;

B.    Entering judgment in favor of XTOOL Parties;

C.    Denying any and all relief requested by Plaintiffs;

D.    Awarding XTOOL Parties the costs of suit incurred herein, including attorneys' fees and expenses; and

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

E.    Granting XTOOL Parties such other and further relief as this Court deems just and proper.

## XTOOL PARTIES' COUNTERCLAIMS

Counterclaim Plaintiffs Shenzhen XTOOLTECH Intelligent Co., LTD. ("XTOOL Ltd") and XTOOLTECH USA, Inc. ("XTOOL USA") (collectively "XTOOL Parties"), by its undersigned counsel, asserts its counterclaims against Autel Intelligent Technology Corp., LTD. ("Autel China") and Autel US Inc.' ("Autel US") (collectively "Autel Parties"), and alleges as follows:

## PARTIES

1.    Counterclaimant XTOOL Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business 17&18/F, A2 Building, Creative City, Liuxian Avenue, Nanshan District, Shenzhen, China.

2.    Counterclaimant XTOOL USA is a wholly owned subsidiary of XTOOL Ltd. and is a corporation organized and existing under the laws of the State of California with its principal place of 4189 East Santa Ana Street, Suite A, Ontario, CA 91761.

3.    Counterclaim Defendant Autel China is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Floor 2, Caihong Keji Building, 36 Hi-tech North Six Road, Songpingshan Community, Xili Sub-district, Nanshan District, Shenzhen City, China.

4.    Counterclaim Defendant Autel US is a wholly owned subsidiary of Autel China and is a corporation organized and existing under the laws of the State of New York with its principal place of business 36 Harbor Park Drive Port, Washington, New York, USA 11050.

5.    Autel China purports to be the owner of United States Patent No. 11,845,451 ("the `451 Patent"), titled "Automobile Diagnostic Method, Apparatus, Device and System, and Diagnostic Connection Device."

## JURISDICTION AND VENUE

6.    XTOOL Parties' Counterclaims arise under the Declaratory Judgment Act,

28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 100 *et seq.*  This Court has jurisdiction over the subject matter of the Counterclaims under the Patent Act and 28 U.S.C. §§ 1331, 1338, and 2201.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and Counterdefendants' choice of forum.   Autel Parties filed this case in this Court to enforce the `451 Patent and consented to the Court' jurisdiction, thus venue is proper for this action.

8.     An actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* therefore exists between XTOOL Parties and Autel Parties, with respect to the non-infringement, invalidity, and unenforceability of the `451 Patent.

## **FACTUAL BACKGROUND**

9.     Established in 2010, XTOOL Ltd. provides a diverse product line of electronic devices, including vehicle diagnostics tools.  XTOOL US was established in 2016 to accommodate the XTOOL Parties' expansion and offerings, including innovative vehicle diagnostic scanners.  With a dedicated team of over 200 engineers, the XTOOL Parties continue to develop novel vehicle diagnostic products.

10.     The XTOOL Parties' D8S model is a newer version of XTOOL Parties' PS90 model which predates the `451 Patent's earliest priority date by several years.

11.     The XTOOL Parties' prior art PS90 diagnostic device is prior art to the `451 Patent and serves to invalidate the asserted claims of the `451 Patent, including specifically when the only novel and unobvious feature the examiner was misled to believe was the "synchronously sending the standard transmission data corresponding to the diagnostic instruction" limitation.

12.     The XTOOL Parties PS90 and D8S model merely use the industry standard for "synchronously sending the standard transmission data corresponding to the diagnostic instruction."

13.     The synchronous transmission predates the `451 Patent's earliest priority date

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

by decades.  For example, US Patent No. 5,771,474, issued on June 23, 1998, teaches that the diagnostic connection device is "prepared for synchronous communication with the" automobile diagnostic device 10.  Indeed, the industry standards, for example in J1850 and ISO 9141-2, have required such transmissions for standard communications for decades.

14.    The `451 Patent is unenforceable due to inequitable conduct.  Plaintiffs and their employees were active in the vehicle diagnostic industry and attended tradeshows and related events where industry standards were regularly discussed, including the named inventors Huigiang Lai and Songsong Qu.  On June 8, 2023, the patent examiner rejected certain filed claims as anticipated by US Pub. App. No. 2013/0261882 to Bertosa et al. ("Bertosa"), but mistakenly believed that Bertosa and the prior art of record "provides no teaching, suggestion, or motivation" regarding "synchronously sending the standard transmission data corresponding to the diagnostic instruction."  The `451 Patent is unenforceable and was procured by Plaintiffs through inequitable conduct of its attorneys, employees, and agents inasmuch as Plaintiffs' employees and agents that were substantially involved with the prosecution of the application that issued as the `451 Patent failed to disclose information material to the examination of the `451 Patent's application.  Under 37 C.F.R. § 1.56, each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the PTO.  A person's duty of candor includes a duty to disclose "all information known to that individual to be material to patentability" to the PTO.  Part of each named inventor's oath is acknowledging their duty to submit material prior art to the PTO under Rule 1.56.  Plaintiffs' named inventors, agents and attorneys failed to disclose material "but-for" prior art to the PTO during prosecution of the `451 Patent, including J1850 and ISO 9141-2 industry standards publications.  Specifically, Plaintiffs' attorneys, agents, and/or named inventors failed to disclose that the OBD-II industry standards incorporated by reference in the Bertosa reference, including J1850 and ISO 9141-2, teach the "synchronously sending the standard transmission data corresponding to the diagnostic instruction" limitation the examiner mistakenly believed was novel and unobvious.  Instead of complying with their duty of

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

candor and disclosing to the examiner that limitation was taught by the industry standards incorporated by reference by the OBD-II standard Bertosa reference, including J1850 and ISO 9141-2, the Plaintiffs' attorneys, agents, and/or named inventors merely amended the independent claims to incorporate the limitation that the examiner was misled to believe was novel and unobvious into the independent claims to achieve issuance of the `451 Patent.  But for withholding the industry standards, including the J1850 and ISO 9141-2, the `451 Patent would not have issued since the industry standards taught or disclosed the only limitation that the examiner was misled to believe was novel and unobvious, i.e., the "synchronously sending the standard transmission data corresponding to the diagnostic instruction" limitation.

15.    Despite knowing that the `451 is invalid and unenforceable, the Autel Parties filed this meritless infringement lawsuit on July 11, 2025.

16.    Thus, Autel Parties' illicit enforcement conduct has created a justiciable controversy between XTOOL Parties and Autel Parties over the advertising, offer to sell, and sales of the accused D8S product and the noninfringement, invalidity, and unenforceability of the asserted `451 Patent.

## FIRST COUNTERCLAIM

### *Declaratory Judgment of Non-Infringement and Invalidity of the `451 Patent*

17.    XTOOL Parties herein incorporate the allegations of Paragraphs 1 through 16 of the Counterclaims as if fully restated herein.

18.    The claims of the `451 Patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

19.    The Court should issue a declaration that the claims of the '451 Patent are invalid so that the XTOOL Parties may ascertain their rights relevant to the '451 Patent.

20.    The XTOOL Parties deny that they have infringed or are infringing any valid and enforceable claim of the `451 Patent whether directly, literally, or under the doctrine of equivalents, jointly, or in any other manner through the making, using,

-11-
**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

selling, offering for sale, and/or importing certain products.

21. The XTOOL Parties have no adequate remedy at law.

22. Accordingly, a valid and justiciable controversy has arisen and exists between the XTOOL Parties and Autel Parties regarding the validity and allegation of infringement of the `451 Patent.

23. Pursuant to 28 U.S.C. §§ 2201 and 2202, the XTOOL Parties are entitled to a declaratory judgment that the `451 Patent is invalid and/or not infringed, and currently does not infringe, any valid and enforceable claim of the `451 Patent whether directly, literally, or under the doctrine of equivalents, jointly, or in any other manner.

**SECOND COUNTERCLAIM**

***Declaratory Judgment of Unenforceability of the `451 Patent***

24. The XTOOL Parties herein incorporate the allegations of Paragraphs 1 through 23 of the Counterclaims as if fully restated herein.

25. Patent applicants and their counsel have a duty to prosecute patent applications in the PTO with candor, good faith, and honesty.

26. The XTOOL Parties allege that the named inventors of the `451 Patent, agents of the Autel Parties, and/or their attorneys violated their duty of disclosure under 37 C.F.R. § 1.56 by intentionally, and in bad faith, making material misrepresentations (and material omissions) to the PTO during prosecution of the application for the `451 patent with the intention of deceiving the PTO, including failure to disclose the industry standards and relevant prior art known to them.

27. The material misrepresentations and/or omissions by the named inventors, the Autel Parties' agents, and/or their counsel and others acting in concert was intended to and did mislead and deceive the Patent Examiner regarding the patentability of the alleged invention in the `451 Patent.

28. Accordingly, a valid and justiciable controversy has arisen and exists between the XTOOL Parties and the Autel Parties regarding the unenforceability of the `451 Patent.

-12-

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

29.    Pursuant to 28 U.S.C. §§ 2201 and 2202, the XTOOL Parties are entitled to a declaratory judgment that the `451 Patent is unenforceable based on the named inventors, Autel Parties' agents, and/or their attorneys' inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, XTOOL Parties pray for relief as follows:

A.    That the Autel Parties' Complaint against XTOOL Parties be dismissed in its entirety with prejudice and that a judgment be entered in favor of the XTOOL Parties;

B.    That the Autel Parties take nothing by way of their claims;

C.    That the Court enter judgment declaring that XTOOL Parties have not infringed, directly or otherwise, the `451 Patent;

D.    That the Court enter a declaratory judgment that the `451 Patent is invalid and/or unenforceable;

E.    That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws, and award the XTOOL Parties their attorneys' fees and costs incurred in connection with this action;

F.    That the XTOOL Parties be awarded such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the XTOOL Parties hereby requests a trial by jury on all issues so triable.

Dated: September 10, 2025                     **MILORD LAW GROUP PC**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorney for Defendants
Shenzhen XTOOLtech Intelligent Co., Ltd.;
and XTOOLtech USA Inc.

**XTOOL PARTIES' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**